# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| TAMEIKA GUEST ) | Civil Action No. 2:14-cv-03534-DCN |
| AS NEXT FRIEND OF ) | |
| J.G., HER MINOR SON ) | |
|     Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | |
| CHARLESTON COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT
### (Request a Jury Trial)

Plaintiff, Tameika Guest, as next friend of J.G., her minor son, complaining of the above named Defendant, would respectfully show unto this Honorable Court, the following:

### I. Parties, Jurisdiction and Venue

1. That the Plaintiff, Tameka Guest is a citizen and resident of Charleston County, State of South Carolina, and is the next friend of J.G., her minor son.

2. That the minor Plaintiff, J.G., is also a resident of Charleston County, State of South Carolina and is 12 years old, and a young black male having been born in 2002.

3. That the Defendant Charleston County School District (hereinafter referred to as "District") is a subdivision of the State of South Carolina, located in Charleston County, South Carolina.

4. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 because this action is based on 42 U.S.C. § 1981, 1983, 2000(d) et seq., and 2000(e) et seq. and Title 14, 20 U.S.C. § 1681

1

5.    That Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Defendant is situated in the Charleston judicial division, and the wrongful acts giving rise to Plaintiff's complaints were committed in the Charleston Judicial Division.

## II. FACTS

6.    That the Plaintiff Tameika Guest's minor son, the Plaintiff J.G., now age 12 years old (hereinafter referred to as J.G.) is a black male and was a student and personally attended the Jerry Zucker Middle School of Science, a public school operated by the District at 6401 Dorchester Rd in the city of North Charleston, State of South Carolina, in the County of Charleston, from August of 2013 through November 8, 2013.

7.    That according to the Student Code of Conduct enacted and published by the District to be in effect during the school year 2013-2014 including the time period August of 2013 through November of 2013, the rules governing student conduct towards other students, what constitutes a violation of those Rules of Student Conduct, and what the punishments are to be for violations of those Rules of Student Conduct, are supposed to be uniform and the same for all students, regardless of race, creed or color of the student, and regardless of which public school within the District a student attends.

8.    That it was the custom and policy for the Defendant District to apply the 2013 Rules of Student Conduct differently depending on which public school a student attended, at all times relevant to the facts of this Complaint, in regards to the level of obscenities, racial slurs, insults and intimidation tolerated by and between students, and what the punishment will be given to students who use or call another student the N-word.

9.    That it was the custom and policy for the Defendant District to apply the Rules of Student Conduct more strictly in schools where the majority of the students were white and/or

not receiving federal financial assistance pursuant to a program or activity receiving federal financial assistance, in regards to the level of obscenities, racial slurs, insults, and intimidation tolerated by and between students.

10. That it was the custom and policy of the Defendant District, at all times relevant hereto, to apply the 2013 Rules of South Carolina in a manner that allowed, ignored and or encouraged students to call each other racially offensive slurs and terms of insult at schools where the students were majority black and/or receiving federal financial assistance in ways that were not allowed, tolerated or ignored at schools where the majority of the students were not receiving federal financial assistance for educational programs or activities and/or were white.

11. That the Jerry Zucker Middle School for Science was a Title (1) One public school in which the majority of the students were black and receiving federal financial assistance for educational programs or activities during all times relevant hereto.

12. That it was the custom and policy of the Defendant District at all times relevant hereto to allow the use of profanity and racial slurs and racial insults to be used by and between students of color at the Jerry Zucker Middle School for Science and at other high poverty schools than would not be tolerated at schools where the majority of the students were not students of color and not on federal financial assistance programs.

13. That the Plaintiff J.G. at all times relevant to the facts of this Complaint was the recipient of federally assisted subsidized meals while attending the Jerry Zucker Middle School for Science.

14. That the Defendant District is an educational program or activity receiving federal financial assistance within the meaning of 42 U.S.C. § 2000 (d) et.seq.

15. That at all times relevant hereto the Jerry Zucker Middle School for Science was an educational program receiving federal financial assistance within the meaning of 42 U.S.C. § 2000 (d) et.seq.

16. That throughout the time that Plaintiff J.G. attended the Jerry Zucker Middle School for Science, J.G. was frequently subjected to racial slurs, degrading racial insults and obscenities by other students throughout the building in which the Jerry Zuck Middle School for Science is physically located, throughout the school day when J.G. was required by law to be present in the building.

17. That the racial slurs, insults and obscenities were so pervasive and aggressive that the Administrators of the Jerry Zucker Middle School for Science knew or should have known about them.

18. That the racial slurs, insults and obscenities that J.G. was frequently subjected to while a student at the Jerry Zucker Middle School for Science were highly offensive, unwelcome and degrading.

19. That the racial slurs, insults and obscenities that J.G. was frequently subjected to while a student at the Jerry Zucker Middle School for Science were severe and pervasive enough to create an educational environment that a young man of J.G.'s age would find hostile, abusive and intimidating.

20. That according to the 2013 District Student Code of Conduct, the rules of student conduct were to be applied equally to all students regardless of which school a student attends or what the race or gender of the student is, or the race or gender of a student making a racial slur.

21. That the District did not apply the District's 2013 Student Code of Conduct equally to all students, regardless of the race or the student or which public school the student

attended, in regards to the punishment given out to students who used racial slurs and obscenities, or to the acceptance of and use of obscenities and racial slurs by students.

22. That it was the custom and policy of the Defendant District during the entire time J.G. attended the Jerry Zucker Middle School for Science to allow a level of obscenities and racial slurs and insults by and between students to exist at the Jerry Zucker Middle School for Science that the Defendant District did not allow at middle schools within the Defendant District which were not Title (1) One Schools, at schools where the majority of students were not receiving federal assistance for educational programs and at which the majority of students were not students of color.

23. That when students in the Defendant District use racial slurs, insults and obscenities directed at other students, at all times relevant hereto, the District Administrators will promptly address and punish those students where such racial slurs, insults and obscenities occur at schools in the District which have a majority of student not receiving financial assistance for educational programs and the majority of students are not students of color.

24. That a direct result of the District's custom and policy of unequal application and enforcement of the 2013 Student Code of Conduct and the reckless indifference of the District to the use of racial slurs, insults and obscenities at District schools, including the Jerry Zucker Middle School for Science, J.G was degraded, humiliated and in a frequent state of stress at being called and hearing racial slurs, insults and obscenities, including frequent use of the N-word.

25. That J.G. was zoned to go to the Jerry Zucker Middle School of Science, but because of the level of racial slurs, insults and obscenities that were part of going to school at Jerry Zucker Middle School of Science, J.G. requested his mother request a transfer out of the

Jerry Zucker Middle School of Science, which J.G.'s mother, the Plaintiff, did seek and gain approval of.

## FOR A FIRST CASE OF ACTION
### (Violation of 42 U.S.C. § 2000(d) et. seq. Title VI)

26.    That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim hereto.

27.    That the Defendant District as above stated, by and through the District's custom and policy of allowing and remaining consciously indifferent to the degrading level of racial slurs, insults, obscenities regularly used by students, during school hours in the presence and hearing of J.G., while J.G. was required by law to be present at the Jerry Zucker Middle School, subjected J.G. to a racially hostile educational environment in programs and activities receiving federal financial assistance in violation of J.G.'s rights under 42 U.S.C. § 2000(d) et seq. Section 601 of the Title VI of Chapter 21 of Section 42 of the Civil Rights Law, which prohibits the allowance of a racially hostile educational environment in schools and programs receiving federal financial assistance and provides for a private cause of action for such violations.

28.    That as a direct result of Defendant District's conduct, as above stated, in violation of 42 U.S.C. § 2000(d) et seq., J.G. has suffered humiliation, degradation, emotional distress and changes in his personality and conduct.

29.    That the Defendant District, and the Administrators of the Jerry Zucker Middle School for Science as a Title One School had a duty to provide a non-racially hostile educational environment.

30.    That to be frequently called or hearing racial slurs, insults and obscenities while attending school is humiliating and degrading for a young male of J.C. age and disposition.

31. That the Defendant District's actions and omissions, customs and policy, as above stated were willful and in reckless disregard of J.G.'s federally protected rights and J.G. is entitled to actual consequential and compensatory damages as well as reasonable attorney fees and costs under 42 U.S.C. § 1988 against the Defendant District.

### FOR A SECOND CAUSE OF ACTION
### (Violation of Civil Rights  - 42 U.S.C. § 1983, Title VII)

32. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim hereto.

33. That as a direct and proximate result of the Defendant District operating some schools on the basis that racial slurs, insults and obscenities would be promptly dealt with and ended and allowing and/or remaining indifferent to the frequent use by students of racial slurs, insults and obscenities at the Jerry Zucker Middle School for Science where J.G. attended, the Defendant District subjected J.G. to a racially hostile environment, and J.G. is entitled to actual and compensatory damages against the Defendant District.

WHEREFORE, having fully set forth her allegations against Defendants, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional distress, degradation, humiliation, and changes in personality and conduct suffered by J.G., and for J.G. having to obtain a transfer out of the public school he was zoned to go to.

2. Reasonable Attorney's fees, costs; and

3. Such further relief as the Court deems just and appropriate.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

                                                  Respectfully submitted by:

By: /s/Lawrence C. Kobrovsky
Lawrence C. Kobrovsky, Esq.
FED Bar# 5294
123 Meeting Street
Charleston, SC 29401
PH 843-853-3703
kobrovskyl@bellsouth.net

Sept. _____, 2014                            ATTORNEY FOR PLAINTIFF
Charleston, South Carolina